IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NATALIE M., by and through her Parents, DAVID M. and JEAN H., | ) ) ) | CIVIL NO.  06-00539 JMS/BMK |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DENYING PLAINTIFFS' MOTION FOR DECLARATORY RELIEF

### I. INTRODUCTION

On October 2, 2006, Plaintiff Natalie M., by and through her parents, David M. and Jean H. ("Plaintiffs"), filed a Complaint under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1415.  On October 18, 2006, Plaintiffs filed their original motion for declaratory relief.  On December 5, 2006, the court entered an Order deeming Plaintiffs' motion withdrawn because the administrative record on appeal had not been transmitted to the court.  The record on appeal was filed on January 3, 2007 and Plaintiffs refiled their motion for declaratory relief on January 9, 2007.

Plaintiffs seek a declaration that the application of Hawaii Revised Statutes ("HRS") § 302A-443(a)(2) is unlawful pursuant to the notice requirement of the IDEA, 20 U.S.C. §1415(d)(2)(e)(i).  Pls'. Mot. at 2.  Plaintiffs claim that they did not receive sufficient notice of the ninety-day limitations period established by HRS § 302A-443 for requesting a due process hearing for reimbursement of private school placement.

With respect to the remedy sought, the Complaint seeks an order setting aside a portion of the Hearings Officer's decision "as the Hearings Officer erred in denying Plaintiffs' reimbursement for the private school placement for the 2004-2005 school year."  Complaint at 5.  The instant motion for declaratory relief asks the court to "order that Plaintiffs be awarded reimbursement in the amount Plaintiffs paid for the 2004-2005 period any balance owed to The Early School."  Pl. Mem. in Supp. at 21.

A hearing was held on Plaintiffs' motion on April 16, 2007.  Based on the following, the court DENIES Plaintiffs' motion.

## II.  BACKGROUND

A.    Natalie's 2004-2005 IEP

Natalie was five years old at the time of the due process hearing and was eligible for services under the IDEA.  Natalie attended The Early School, a

2

private preschool, during the 2003-2004 school year.  During the summer of 2004,

Natalie's IEP ("Individualized Education Plan") team met to develop her IEP for

the 2004-2005 school year.  At an August 10, 2004 IEP meeting, the Defendant

State of Hawaii Department of Education ("DOE") proposed transitioning Natalie

from The Early School to a new Head Start preschool at Heeia Elementary School,

a DOE school, by October 1, 2004.  *See* Administrative Record on Appeal

("ARA") at 51.  Plaintiffs declined the DOE's proposed offer of a Free

Appropriate Education ("FAPE") at Heeia Elementary at the August 10, 2004 IEP

meeting and informed the IEP team that Natalie would continue at The Early

School.  Hearings Officer's Decision, ARA at 249, ¶21.  Natalie remained at The

Early School from October 2004 to August 2005.  Following the August 10, 2004

IEP meeting, Plaintiffs did not request a due process hearing to seek

reimbursement for Natalie's unilateral placement at the Early School for the 2004-

2005 school year.

> The next summer, on June 24, 2005, Act 158 was signed into law and

amended HRS § 302A-443, creating a ninety-day period for requesting due

process hearings when parents seek reimbursement for unilateral private

placement.

3

**B.     The 2005-2006 School Year**

For the 2005-2006 school year, Natalie was enrolled at the Education

Laboratory School, a Hawaii charter school.  At an IEP meeting held on November

28, 2005 (for the 2005-2006 school year), Natalie's mother was given a copy of

the DOE's Procedural Safeguards Notice (printed on white paper) by Pete

Estomago, the Education Laboratory School principal.  According to Plaintiffs,

Estomago handed Natalie's mother the Procedural Safeguards Notice, at which

point she said to him, "Oh, it's white," and Estomago replied, "Yes, it replaces the

gold one."  Transcript ("Tr.") Vol. I at 66.  According to Plaintiffs, nobody from

the DOE explained that the Procedural Safeguards Notice had been changed to

reflect the ninety-day filing period.  Tr. Vol. I at 66.

The Procedural Safeguards Notice given to Plaintiffs states in a

section entitled "Requirements for Parents Enrolling Their Children in Private

Schools or Facilities at Public Expense," that:

> The Department is not required to pay for the costs of
> education, including special education and related services, for
> a student with a disability at a private school or facility if the
> Department made a free appropriate public education available
> to the student and the parents chose to place the student in the
> private school.
>                                   ***
> If a parent disagrees with the Department regarding the
> availability of a free appropriate education in the public

4

> schools and has questions regarding the financial responsibility of the private placement, the parent may request a due process hearing.  A hearing must be requested for reimbursement of the costs of private placement within ninety (90) days of the parent's initial unilateral enrollment of the student in the private school or facility.

ARA at 86.

## C.     Due Process Hearing Below

On March 28, 2006, Plaintiffs requested a due process hearing seeking reimbursement for Natalie's tuition at The Early School from the 2004-2005 school year.  On May 22, 2006, the DOE filed a motion to dismiss based on the ninety-day filing period.  ARA at 25.  On June 13, 2006, the Hearings Officer denied the DOE's motion to dismiss "due to insufficient evidence."  ARA at 155-56.  Plaintiffs' due process hearing was held on June 20 and 21, 2006.

At the hearing, the mother testified that she was accompanied by Sheila Kaimuloa, a parent advocate, at the November 28, 2005 IEP meeting and that Kaimuloa told her that Plaintiffs had two years in which to file a request for a due process hearing.  Tr. Vol. I at 82-86.  Mother also testified that Kaimuloa contacted Plaintiffs' attorney, Mr. Levin's office, sometime before December of 2005, but was unsure of the exact date.  Tr. Vol I. at 93, 121.

5

With respect to the "white" Procedural Safeguards Notice given to the mother on November 28, 2006, the mother testified at the due process hearing that she "glanced at it," but that she thought it was the same as the "gold" copy she had previously received, so she did not read it or open it.  Tr. Vol I. at 128, 133.  She testified that she last read the "gold" copy two or three years previously.  Tr. Vol. I at 132.

The Hearings Officer issued an order on September 1, 2006 concluding that the August 10, 2004 IEP did not provide Natalie with a FAPE for the 2004-2005 school year, but denying Plaintiffs' request for reimbursement because they did not file their request for a hearing within ninety days of the unilateral placement.  ARA at 240-59.  Plaintiffs filed a Complaint in this court on October 2, 2006 seeking to set aside the portion of the Hearings Officer's decision denying reimbursement for the private school placement.  The administrative record on appeal was filed with the court on January 3, 2007.  Plaintiffs refiled this motion for declaratory relief on January 9, 2007, asking the court to overturn the Hearings Officers denial of reimbursement for The Early School and to award Plaintiffs' attorneys fees and costs related to this action and the administrative hearing below.

**D.     Legal Standard in District Court**

The IDEA requires that the court:

> (i)  shall receive the records of the administrative proceedings;
> (ii)  shall hear additional evidence at the request of a party; and
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(C).  The burden in this proceeding is on the Plaintiffs, the party challenging the administrative ruling.  *Seattle Sch. Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1498 (9th Cir. 1996) ("As the party challenging the administrative ruling, the School District . . . had the burden of proof in district court.").

## III.  ANALYSIS

In support of their motion for declaratory relief, Plaintiffs argue that the ninety-day filing period should not bar their claim for reimbursement because the DOE has an affirmative duty to inform parents of their procedural rights under the IDEA and not to misinform or misrepresent information.  The court first addresses the ninety-day period for filing hearing requests and the required notice to parents.

*///*

*///*

7

## A.      Ninety-Day Period for Requesting Due Process Hearing

Act 158, effective June 24, 2005, amended HRS § 302A-443(a)(2),

which now provides in pertinent part:

> An impartial hearing may be requested by any parent or
> guardian of a child with a disability, or by the department, on
> any matter relating to the identification, evaluation, program, or
> placement of a child with a disability; provided that the hearing
> is requested:
>
> ***
>
> . . . within ninety days of a unilateral special education
> placement, where the request is for reimbursement of the costs
> of the placement.

Prior to June 24, 2005, a parent had two years in which to file a

request for an impartial hearing to seek reimbursement of private placement.  *See*

20 U.S.C. § 1415(f)(3)(C) ("A parent or agency shall request an impartial due

process hearing within 2 years . . . or, if the State has an explicit time limitation for

requesting such a hearing under this subchapter, in such time as the State law

allows.").

The IDEA requires the DOE to establish and maintain procedures "to

ensure that children with disabilities and their parents are guaranteed procedural

safeguards with respect to the provision of a free appropriate public education[.]"

20 U.S.C. § 1415(a).  Based on the IDEA and various Hawaii regulations, United

States District Court Judge David Alan Ezra concluded that the DOE could not

8

invoke HRS § 302A-443 to shorten the limitations period (from two years to ninety days) absent actual notice to a student's parents. *See Jaren L., by and through his mother, Shanelle L. v. Dep't of Educ., State of Hawaii*, Civ. No. 06-00024 DAE-LEK (D. Haw. May 1, 2006). The court agrees with Judge Ezra's analysis and conclusion. *See Blake C., by and through his mother, Tina F. v. Dep't of Educ., State of Hawaii*, Civ. No. 06-00335 JMS-KSC (D. Haw. Sept. 12, 2006); *see also Dep't of Educ. v. Carl D.*, 695 F.2d 1154, 1156-58 (9th Cir. 1983) (discussing the importance of notice to parents where a short statute of limitations applies); *R.R. v. Fairfax County Sch. Bd.*, 338 F.3d 325, 331 (4th Cir. 2003) ("Courts adopting very short limitations periods have often imposed notice requirements to make limitations periods . . . consistent with the IDEA.").

Consequently, Plaintiffs had ninety days from the date on which they received actual notice of the ninety-day limitations period in which to file their request for an impartial hearing.

The record shows that Plaintiffs received the Procedural Safeguards Notice on November 28, 2005. Plaintiffs filed their request for a due process hearing on March 28, 2006, which is more than ninety days from November 28, 2005, the date they received actual notice of the limitations period. The court next turns to whether the DOE complied with the IDEA's notice requirements.

**B.      The IDEA's Notice Requirements**

Plaintiffs argue that they did not receive the required notice and that the Hearings Officer erred by concluding that "the law does not place an affirmative duty on the [DOE] to explain or even tell the parent about revisions to the Procedural Safeguards Notice for Parents and Students."

First, the court agrees with the Hearings Officer's conclusion; the IDEA does not require that the DOE affirmatively tell Plaintiffs about revisions to the Procedural Safeguards Notice.  Second, the court finds that the Plaintiffs received notice as required by the IDEA.

### 1.      *No Affirmative Duty*

The IDEA's notice requirements are specific:

> The procedural safeguards notice shall include a full explanation of the procedural safeguards, written in the native language of the parents (unless it clearly is not feasible to do so) and written in an easily understandable manner, available under this section and under regulations promulgated by the Secretary relating to--
>> (A) independent educational evaluation;
>> (B) prior written notice;
>> (C) parental consent;
>> (D) access to educational records;
>> (E) the opportunity to present and resolve complaints, including--
>>> (i) the time period in which to make a complaint;
>>> (ii) the opportunity for the agency to resolve the complaint; and

        (iii) the availability of mediation;
(F) the child's placement during pendency of due process
proceedings;
(G) procedures for students who are subject to placement
in an interim alternative educational setting;
(H) requirements for unilateral placement by parents of
children in private schools at public expense;
(I) due process hearings, including requirements for
disclosure of evaluation results and recommendations;
(J) State-level appeals (if applicable in that State);
(K) civil actions, including the time period in which to
file such actions; and
(L) attorneys' fees.

20 U.S.C. § 1415(d)(2).  These specific requirements do not include an affirmative

duty requiring that the DOE inform parents that the time for requesting a due

process hearing has been changed or that the Procedural Safeguards Notice itself

has been changed.  The record reflects that the DOE provided the Plaintiffs with

the Procedural Safeguards Notice, as required by the IDEA, on November 28,

2005.  The court next addresses whether the Procedural Safeguards Notice

provided the type of notice required by law.

    **2.**    ***Plaintiffs Received the Required Notice Regarding Reimbursement
for Private School Tuition***

        Under the IDEA and relevant federal regulations, the Procedural

Safeguards Notice must include a full explanation of all of the procedural

safeguards available relating to the "[o]pportunity to present complaints to initiate

11

due process hearings."  34 C.F.R. § 300.504(b)(5) (2006).   The Hawaii

Administrative Rules ("HAR") require that the Procedural Safeguards Notice

include a full explanation of all of the procedural safeguards relating to the

"[o]pportunity to initiate due process hearings[.]"  HAR § 8-56-69(b)(5).  These

requirements were satisfied here.

      The "white" Procedural Safeguards Notice provided to Plaintiffs on

November 28, 2005 included the required procedural safeguards relating to the

opportunity to initiate due process hearings.  The notice states:

> If a parent disagrees with the Department regarding the
> availability of a free appropriate education in the public
> schools and has questions regarding the financial responsibility
> of the private placement, the parent may request a due process
> hearing.  A hearing must be requested for reimbursement of the
> costs of private placement within ninety (90) days of the
> parent's initial unilateral enrollment of the student in the
> private school or facility.

ARA at 86.

      Because the DOE undisputedly provided Plaintiffs a copy of the

Procedural Safeguards Notice on November 28, 2005, the court concludes that

Plaintiffs received the required notice with respect to the ninety-day period for

requesting a due process hearing to seek reimbursement of Natalie's private school

tuition at The Early School.  *See Makiko D. v. State of Hawaii*, Civil No. 06-00189

JMS BMK (D. Haw. Apr. 17, 2007) (concluding that the Procedural Safeguards

Notice provides the notice required by the IDEA with respect to the limitations

period for requesting reimbursement of private school tuition).

## C.     The DOE Did Not Withhold Required Information From Plaintiffs

### 1.      *20 U.S.C. § 1415(f)(3)(D)(ii) Does Not Apply*

Under the IDEA, the limitations period for filing hearing requests

"shall not apply to a parent if the parent was prevented from requesting the hearing

due to . . . the local educational agency's withholding of information from the

parent that was required under this subchapter to be provided to the parent."  20

U.S.C. § 1415(f)(3)(D)(ii).[1]  Plaintiffs believe that "the untimely filing is excused

because of the DOE's withholding of required and important information pursuant

to 20 U.S.C. § 1415(f)(3)(D)(ii)."  Pls'. Mem. in Supp. at 15.

Plaintiffs claim that the DOE "knowingly or unknowingly engaged in

tortious conduct and violated the legislative mandate regarding 'the

misrepresentation or withholding of information.'"  *Id.* at 13.  Plaintiffs assert that

---

[1] The Hawaii statute contains a similar limitation; the ninety-day filing period shall not apply "if the parent or guardian was prevented from requesting the hearing due to . . . [t]he department's withholding from the parent or guardian information that was required by state or federal laws and regulations to provide a free, appropriate public education to a child with a disability."  HRS § 302A-443(b)(2).

there was an affirmative misstatement to the effect that the "gold" and "white" pamphlets were the same.  The court disagrees.

Principal Estomago simply told Natalie's mother that the white copy of the Procedural Safeguards Notice "replaces" the gold one.  Telling Natalie's mother that the one brochure replaced another did not result in the withholding of any information; the information was readily available for Natalie's mother to read in the brochure.  Further, Plaintiffs have presented no evidence that this was an affirmative misstatement -- in fact, they do not dispute the truth of the statement.

Contrary to Plaintiffs' belief, the DOE did not withhold information from the parents that was required by the IDEA to be provided to parents.  Therefore, 20 U.S.C. § 1415(f)(3)(D)(ii) does not bar the application of the ninety-day limitations period for filing due process hearing requests.

**2.  *Equitable Estoppel Does Not Apply***

To the extent Plaintiffs argue that the DOE should be estopped from relying on the ninety-day filing period, the court rejects the argument.  Equitable estoppel applies "if the defendant takes active steps to prevent the plaintiff from suing in time."  *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002) (citations omitted).  The representation that the white copy "replaces" the gold copy of the Procedural Safeguards Notice does not constitute "active steps" taken

14

to prevent Plaintiffs from filing on time.  And, as discussed earlier, the DOE did not withhold or provide false information to Plaintiffs regarding the applicable deadlines.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's motion for declaratory relief is DENIED.  With respect to the specific remedy sought, the court denies Plaintiffs' request for an "order that Plaintiffs be awarded reimbursement in the amount Plaintiffs paid for the 2004-2005 period any balance owed to The Early School." The Clerk of the Court is directed to close this case.[2]

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 18, 2007.



J. Michael Seabright
United States District Judge

*Natalie M. et al. v. Dep't of Educ.*, Civ. No. 06-00539 JMS/BMK, Order Denying Plaintiffs' Motion for Declaratory Relief

---

[2] As discussed at the April 16, 2007 hearing, although the disposition of this motion terminates the case, the court retains jurisdiction to consider any motion for attorneys' fees.