IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NATALIE M., by and through her Parents, DAVID M. and JEAN H., <br><br>   Plaintiffs, <br><br>   vs. <br><br> DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br>   Defendants. <br> _____ | CV. NO. 06-00539 JMS/BMK <br><br> REPORT OF THE SPECIAL MASTER REGARDING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS |

REPORT OF THE SPECIAL MASTER REGARDING PLAINTIFFS' MOTION
FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

On May 2, 2007, Plaintiffs Natalie M., by and through her parents, David M. and Jean H. ("Plaintiffs") filed a Motion for an Award of Attorneys' Fees and Costs ("Motion"). Plaintiffs' Motion has been designated to this Court as Special Master. Plaintiffs request attorneys' fees in the amount of $12,777.50, general excise taxes ("GET") in the amount of $602.08, and costs in the amount of $2,353.14, for a total award of $15,732.72. After careful consideration of the motion, the supporting and opposing memoranda, and the attached documentation, the Special Master FINDS and RECOMMENDS that Plaintiffs' request for attorneys' fees and costs be GRANTED IN PART and DENIED IN PART. Specifically, the Special Master FINDS that Plaintiffs are entitled to attorneys' fees

and costs under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415, and RECOMMENDS that Plaintiffs be awarded attorneys' fees in the amount of **$9,365.71**, and costs in the amount of **$92.57**.

## BACKGROUND AND PROCEDURAL HISTORY

On March 29, 2006, Plaintiffs submitted a request for hearing under the IDEA, 20 U.S.C. §§ 1400-1487. Plaintiffs asked the Hearings Officer to (1) determine whether the August 10, 2004 Individualized Education Program ("IEP") provided Student with a Free Appropriate Public Education ("FAPE") and (2) order reimbursement for educational expenses paid by parents for Student's placement at the Early School from October 2004 to August 2005, including but not limited to tuition, transportation, and related expenses. (Pls.' Mem. Supp. Mot., Ex. A, 3, 17.)

In her decision on September 1, 2006, the Hearings Officer found that the Department of Education had not provided Student with a FAPE in its August 10, 2004 IEP and deemed Plaintiffs the prevailing party; however, the Hearings Officer also found that Plaintiffs were not entitled to reimbursement for educational expenses at the Early School from October 2004 to August 2005. (Pls.' Mem. Supp. Mot., Ex. A, 20.) On October 2, 2006, Plaintiffs appealed the decision to this Court. On April 18, 2007, the Court denied Plaintiffs' Motion for

Declaratory Relief in which they sought reimbursement for educational expenses at the Early School from October 2004 to August 2005. Plaintiffs subsequently filed the present motion requesting attorneys' fees and costs for the administrative hearing.

## RELEVANT LAW

Prevailing parties may be awarded reasonable attorneys' fees in actions brought under the IDEA. 20 U.S.C. § 1415(i)(3)(B)(i) (2000). The statute provides that these fees "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." § 1415(i)(3)(c). However, the Court must reduce the amount of attorneys' fees awarded under these circumstances: (1) the rate "unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience"; (2) "the time spent and legal services furnished were excessive considering the nature of the action or proceeding"; and (3) the prevailing party's lower degree of success does not merit a full reward. § 1415(i)(3)(F)(ii)-(iii); see Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Aguirre v. Los Angeles Unified School Dist., 461 F.3d 1114, 1121 (9th Cir. 2006) (applying Hensley to the IDEA).

The form in which motions for attorneys' fees and expenses should be submitted to the Court is governed by the Local Rules for the District of Hawaii. Local Rule 54.3(b) requires the moving party to submit a statement of consultation advising the court that the parties are unable to reach an agreement with regard to the fee award. Local Rule 54.3(d) requires that fee petitions include "a description of the work performed by each attorney and paralegal, broken down by hours or fractions thereof expended on each task . . . ." L.R. 54.3(d). These entries "must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." L.R. 54.3(d)(2). Additionally, these descriptions "shall be organized by litigation phase," instead of chronologically. L.R. 54.3(d)(1). As for costs, Local Rule 54.2(c) requires that "any vouchers, bills, or other documents supporting the costs being requested shall be attached as exhibits." L.R. 54.2(c).

## DISCUSSION

I. PREVAILING PARTY

Under the IDEA, a "prevailing party" is one who succeeds in achieving a "material alteration of the legal relationship of the parties in a manner in which Congress sought to promote in the fee statute." Texas State Teachers Ass'n v. Garland Indep. School Dist., 489 U.S. 782, 792-93 (1989). However, "a

plaintiff is not the prevailing party if his or her success is purely technical or de minimis." Shapiro v. Paradise Valley Unified School Dist., 374 F.3d 857, 865 (9th Cir. 2004).

Here, Plaintiffs meet the prevailing party threshold. Although the Hearings Officer did not award Plaintiffs reimbursement for educational expenses from October 2004 to August 2005, she determined that the August 10, 2004 IEP denied Plaintiffs a FAPE. This "eligibility determination is the lynchpin of all rights under the IDEA." V.S. v. Los Gatos-Saratoga Joint Union High School Dist., 484 F.3d 1230, 1234 (9th Cir. 2007). As a result of the Hearing Officer's decision, Defendants Department of Education, State of Hawaii ("Defendants") must offer Student a FAPE in subsequent school years or else reimburse her for educational expenses. Plaintiffs' success is not purely technical or de minimis, because this obligation materially alters the legal relationship between the parties.

Defendant disputes that Plaintiffs are prevailing parties, because the sole remedy sought by Plaintiffs was reimbursement and they did not obtain that. Defendants' argument ignores the fact that the Hearings Officer decided the FAPE issue in favor of Plaintiffs. The determination by the Hearings Officer that Student was denied a FAPE "is the most significant of successes possible" under the IDEA. Park v. Anaheim Union High School Dist., 464 F.3d 1025, 1036 (9th Cir. 2006).

Accordingly, Plaintiffs are prevailing parties and are entitled to attorneys' fees and costs.

## II. ATTORNEYS' FEES

A determination of reasonable attorneys' fees begins with "the number of hours reasonably expended multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. If plaintiffs asserted claims on which they did not prevail, the award will then be reduced to reflect plaintiffs' level of success in the case. See Aguirre, 461 F.3d at 1121.

### A. Reasonable Hourly Rate

A reasonable hourly rate is "calculated according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984). In determining a reasonable hourly rate, the Court must consider "'the experience, skill, and reputation of the attorney requesting fees.'" Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986). The fee applicant "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel," to show that the rates are reflective of reasonable prevailing rates for similar services. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

Here, Plaintiffs request the rate of $285/hour for Stanley E. Levin. Mr. Levin contends that his rate is reasonable because he has 26 years of experience handling IDEA cases. (Pls.' Mem. Supp. Mot., Levin Decl. ¶ 11.) Defendants do not oppose this rate. The Special Master FINDS, based on the supporting declaration submitted by Plaintiffs, that $285/hour is a reasonable rate for an attorney of Mr. Levin's skill and experience, and RECOMMENDS that Mr. Levin be awarded a rate of $285/hour.

Plaintiffs seek $150/hour for work performed by Susan K. Dorsey. Although Plaintiffs do not offer an Affidavit of Counsel for Ms. Dorsey as required by Local Rule 54.3(e), Defendants do not oppose this hourly rate. The Special Master, being familiar with the prevailing rates in the community for attorneys, FINDS that $150/hour is a reasonable rate, and RECOMMENDS that Ms. Dorsey be awarded a rate of $150/hour.

Plaintiffs also seek $85/hour for work performed by paralegal Bruce P. Ellis. Defendants do not oppose this rate. The Special Master, being familiar with the prevailing rates in the community for paralegals, FINDS that $85/hour is a reasonable rate, and RECOMMENDS that Mr. Ellis be awarded a rate of $85/hour.

B. <u>Hours Reasonably Expended</u>

Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees must demonstrate that the fees are reasonably necessary to achieve the results obtained. <u>See</u> <u>Tirona v. State Farm Mut. Auto Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993). The Court must guard against awarding fees and costs which are excessive, and must assess the extent to which fees and costs are self-imposed and could have been avoided. <u>See</u> <u>id.</u> at 637. The party seeking the fee bears the burden of submitting evidence to support the hours worked, while the party "opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and the reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

Here, Plaintiffs request that they be awarded fees for 19.20 hours of work by Mr. Levin, 21.90 hours of work by Ms. Dorsey, 47.30 hours of work by Mr. Ellis, and GET of 4.712%. All time entries are broken down by litigation phases and contain excellent descriptions of services rendered. Defendants do not challenge the reasonableness of Plaintiffs' fees, nor do they challenge the documentation of these fees. Accordingly, the Special Master FINDS that

Plaintiffs appear to have expended a reasonable number of hours on this case and have put them before the Court in a manner that fully complies with the local rules. Therefore, the Special Master RECOMMENDS that Plaintiffs be awarded $285/hour for 19.20 hours of work by Mr. Levin, $150 per/hour for 21.90 hours of work by Ms. Dorsey, $85/hour for 47.30 hours of work by Mr. Ellis, and GET of 4.712%. This yields a base fee award of **$13,379.58**.[1]

### C. Level of Success

Finally, courts must reduce the base fee award to properly reflect the plaintiff's level of success in the case. See Aguirre, 461 F.3d at 1121. Courts may only award full compensation if the plaintiff obtained "excellent results." Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 901 (9th Cir. 1995). Since there is no precise rule for making a reduction, "the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." See Aguirre, 461 F.3d at 1121.

---

[1]   $285/hour x 19.20 hours = $5,472.00
     $150/hour x 21.90 hours = $3,285.00
     $85/hour x 47.30 hours = $4,020.50
     $5,472.00 + $3,285.00 + $4,020.50 = $12,777.50.
     $12,777.50 x 4.712% = $602.08
     $12,777.50 + $602.08 = $13,379.58

Here, Plaintiffs were not entirely successful on all of their claims. They requested the Hearings Officer to determine whether Student was offered a FAPE, and also asked for reimbursement of educational expenses. Plaintiffs received a favorable result when it was determined that Student was denied a FAPE, but they were unable to obtain the reimbursement they desired. This level of legal success was sufficient to render Plaintiffs the prevailing party, but they did not achieve a level that can be deemed "excellent."

However, Plaintiffs did prevail on the most fundamental issue, FAPE, because they could not have advanced to the reimbursement claim without being denied a FAPE. Due to its importance, Plaintiffs also had to spend significantly more time and energy on the FAPE issue than they did on the reimbursement issue. Therefore, the Special Master RECOMMENDS that Plaintiffs' base fee award be reduced by **30%** to reflect Plaintiffs' level of success in the case. The Special Master determines that Plaintiffs expended more resources obtaining a favorable ruling on the more significant FAPE issue than they did on the reimbursement issue. This 30% reduction yields a final attorneys' fee award of **$9,365.71**.[2]

---

[2] $13,379.58 x 70% = $9,365.71

III.  COSTS AND OTHER EXPENSES

Plaintiffs also seek a total of $2,353.14 in costs, representing the following: (1) $39.70 for photocopying; (2) $23.20 for faxing; (3) $25.50 for messenger services; (4) $2,160.00 for research; and (5) $104.74 for GET.  All costs were supported by an attached invoice to the Plaintiffs.  (Pls.' Mem. Supp. Mot., Ex. B., 6).  However, the research expenses were not listed in the Plaintiffs' Memorandum in Support of Motion and were not accounted for in the service descriptions.  Plaintiffs' chart only lists photocopy, messenger, and faxing charges as itemized expenses.  (Pls.' Mem. Supp. Mot., 11.) Although Defendants do not oppose the research costs, they may not have been aware of them because they were not listed in the chart.  Additionally, Plaintiffs' description of services rendered only accounted for 1.2 hours spent doing research.  (Pls.' Mem. Supp. Mot., Ex. C.) The small number of hours spent does not correlate with $2,160 of research costs.  Therefore, the Special Master RECOMMENDS that Plaintiffs be awarded costs consisting of $39.70 for photocopying, $23.20 for faxing, $25.50 for messenger services, and $4.17[3] for GET, for a total of **$92.57**.[4]

---

[3]  $39.70 + $23.20 + $25.50 = $88.40
     $88.40 x 4.712% = $4.17

[4]  $88.40 + $4.17 = $92.57

CONCLUSION

For the foregoing reasons, the Special Master FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART and DENIED IN PART.  As detailed above, the Special Master FINDS that Plaintiffs are entitled to attorneys' fees and costs under the IDEA, and RECOMMENDS that Plaintiffs be awarded attorneys' fees in the amount of **$9,365.71**, and costs in the amount of **$92.57**.

IT IS SO FOUND AND RECOMMENDED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: June 6, 2007

Natalie M. v. Department of Education, State of Hawaii; Civ. No. 06-00539 JMS/BMK; REPORT OF THE SPECIAL MASTER REGARDING PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS